| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

Mioshi Harmon, §
§
    Plaintiff, §
§
versus §    Civil Action H-15-3500
§
Dollar Tree Stores, Inc., §
§
    Defendant. §

# Opinion on Summary Judgment

1.    *Introduction.*

Mioshi Harmon seeks to recover from Dollar Tree Stores, Inc., because she slipped and fell. Harmon has not shown that Dollar Tree knew or should have known of the hazard. Dollar Tree will prevail.

2.    *Background.*

Miosha Harmon was a frequent customer of Dollar Tree Store 600. In August of 2013, Harmon visited the store to return a purchase and to shop. She told the cashier she would be returning something and then browsed. Harmon talked on her cell phone as she walked through the aisles. After choosing some nail polish, she slipped on a clear liquid, falling to the floor. She says she did not see the liquid before she fell.

After hearing Harmon yell, two store workers – Adrian Hendon and a cashier – came to her aid. Harmon asked Hendon if he knew the liquid's source. Hendon did not know, so Harmon asked him to check a nearby box. The box had bottles of liquid used to blow bubbles. Harmon says the liquid that had leaked from the box caused her fall. She also says the box was a different color because it was wet.

Harmon seeks payment for injuries and anguish.

3.  *Knowledge.*

For Harmon to succeed, she must prove that Dollar Tree had actual or constructive knowledge that the liquid was on the floor. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 986 (Tex. 1998). Harmon has not presented evidence of actual knowledge but says constructive knowledge creates a fact issue.

A.  *Constructive Knowledge.*

Harmon says Dollar Tree should have known the floor was wet because the accident occurred close to a cashier and other Dollar Tree workers. She says the workers should have noticed the leaking box.

The distance of the cashier and other workers to Harmon's fall, without data about how long the liquid was on the floor does not furnish grounds for inferring knowledge. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). In her deposition, Harmon swore she did not know how the liquid ended up on the floor, how long it was there, or whether anyone knew that it was there. She also admits that the liquid was clear and the wet spot was not big. These facts do not show Dollar Tree had a reasonable opportunity to discover the hazard.

Discoloration of the box does not tie Dollar Tree to knowledge of the wet spot, either. How the liquid leaked onto the floor is not relevant to how long it was there. Without specific facts to show how long the liquid was on the floor, Harmon cannot show Dollar Tree should have discovered an unreasonably dangerous condition.

B.  *Creation of the Condition.*

Harmon says that Dollar Tree created the wet floor, which can support an inference of knowledge. She says that the leak was caused by a box cutter used by a Dollar Tree worker. Her conclusion that a box cutter caused the leak is not relevant to Dollar Tree's knowledge.

Once again, what caused the leak does not show how long the floor was wet. Harmon has no specific facts that show Dollar Tree had actual or constructive knowledge of an unreasonably dangerous condition. She relies on speculative conclusions; they do not create a genuine issue of material fact about knowledge.

5.  *Conclusion.*

The distance of the Dollar Tree workers and the discoloration of the box cannot show Dollar Tree should have known of the hazard. No fully informed reasonable person could conclude that there is a genuine issue of material fact about Dollar Tree's knowledge. Mioshi Harmon lacks evidence of an essential element of her claim; that Dollar Tree knew or should have known of an unreasonably dangerous condition. Harmon's claim cannot succeed. Dollar Tree Stores, Inc., will prevail. Mioshi Harmon will take nothing.

Signed on October 21, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge